55  133.
63  72

MARGARET RUPPEL, APPELLANT, *v.* MARY E. SCHLEGEL, INDIVIDUALLY AND AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF ADAM SCHLEGEL, DECEASED, AND THE ROMAN CATHOLIC CHURCH OF THE MOST HOLY TRINITY, IN MONTROSE AVENUE, BROOKLYN, E. D.

*Who may not maintain an action for the construction of a will.*

An action was brought by the sister of a testator, alleging that she and certain other parties defendants in the action became seized, in fee simple absolute, of the title to certain land, of which the said testator died seized, and asking judgment for the construction of the meaning and validity of the will in that respect.

*Held*, that the plaintiff occupied no such position as authorized the bringing of such an action by her.

APPEAL by the plaintiff from a judgment dismissing the complaint, entered in the office of the clerk of Kings county on the 23d day of March, 1889.

The action was brought by the surviving sister of a decedent, who claimed that, upon his death, the plaintiff and certain of the defendants became seized, in fee simple absolute, of the title of certain lands, of which the decedent died seized and possessed as tenants in common, subject only to a life estate therein of the widow, Mary E. Schlegel, one of the defendants in the action. This claim was made under the fifth residuary clause of the will of the decedent, which was in the words and language following :

"After the death of my said wife, Mary Elizabeth Schlegel, all the rest, residue and remainder of the estate by her left, I give and bequeath to the Roman Catholic Church of the Most Holy Trinity, in Montrose Ave., Brooklyn, E. D., but under the following ordination : A. That in each and every year one High Mass shall be celebrated for my poor soul ; and, also, after the decease of my said wife one High Mass shall be celebrated every year for the soul of my wife. B. And a part of the said estate shall be used for to pay for poor students intending to become a Catholic priest or Catholic teacher. C. And a part of said estate I ordain shall be used for starting a newspaper for the interest of the Catholic people."

It was claimed by the plaintiff that this clause of the will was void, and that the trust therein deemed to be created, together with the devise, limitation and remainder therein given, was invalid, inoperative and of no effect as a testamentary disposition of the lands and real estate in question.

*D. Nemiers*, for the appellant.

*Thomas Young*, for the respondents.

DYKMAN, J.:

The judgment from which this appeal is taken, is right and should be affirmed.

Courts of equity entertain jurisdiction over actions for the construction of doubtful provisions in last wills and testaments in behalf of beneficiaries, executors and trustees, but the plaintiff occupies no such position or relation.

If it be our duty to examine the merits, we concur in the reasons -assigned by the surrogate and the court at Special Term.

. The judgment should be affirmed, with costs.

BARNARD, P. J., concurred; PRATT, J., not sitting.

Decree affirmed, with costs.